IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CARRIE SANDERS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. NO. 5:15-CV-00310 |
| | § | |
| UNUM LIFE INSURANCE COMPANY | § | |
| OF AMERICA, | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT UNUM LIFE INSURANCE COMPANY
OF AMERICA'S ORIGINAL ANSWER AND COUNTERCLAIM**

Defendant Unum Life Insurance Company of America ("Defendant" or "Unum Life") files its original answer and counterclaim in response to Plaintiff's Original Complaint (the "Complaint") and states:

**ANSWER**

1.      There are no allegations in paragraph 1 to admit or deny, but to the extent there are allegations in paragraph 1, Unum Life denies them.

2.      Unum Life admits, on information and belief, the allegations in paragraph 2.

3.      With respect to the allegations in paragraph 3, Unum Life admits that it is an insurance company authorized to do business in Texas; admits that Unum Life's principal place of business is in Portland, Maine; admits, for purposes of this action only, that Unum Life has been served with process; and denies the remaining allegations.

4.      With respect to the allegations in paragraph 4, Unum Life admits that Plaintiff Carrie Sanders ("Plaintiff" or "Sanders") has asserted claims under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA"), but denies that Sanders is entitled to any of the relief that she requests; and denies the remaining allegations.

5.      Unum Life admits the allegations in paragraph 5.

6.      With respect to the allegations in paragraph 6, Unum Life admits that venue is proper in this District and Division; and denies the remaining allegations.

7.      With respect to the allegations in paragraph 7, Unum Life states that it is without information or knowledge sufficient to form a belief as to the truth of the allegations, and therefore denies them.

8.      With respect to the allegations in paragraph 8, Unum Life admits, on information and belief, that Sanders was employed by Baptist Health Care System ("BHCS"); admits that, while employed by BHCS, Sanders was a participant in BHCS's long-term disability employee benefit plan; and denies the remaining allegations.

9.      With respect to the allegations in paragraph 9, Unum Life admits that it issued a group long-term disability insurance policy (the "Policy") to BHCS which covered eligible employees; and denies the remaining allegations.

10.      With respect to the allegations in paragraph 10, Unum Life states that the Policy speaks for itself with respect to its terms, and provisions, and eligible participants; and denies the remaining allegations.

11.      With respect to the allegations in paragraph 11, Unum Life specifically

denies that Sanders was an employee of Unum Life; admits that Sanders was a participant in BHCS's employee benefit plan; and denies the remaining allegations.

12.    With respect to the allegations in paragraph 12, Unum Life states that the Policy speaks for itself with respect to its terms and provisions, including the calculation of disability benefits; and denies the remaining allegations.

13.    With respect to the allegations in paragraph 13, Unum Life states that the Policy speaks for itself with respect to its terms and provisions, including the definition of disability; and denies the remaining allegations.

14.    With respect to the allegations in paragraph 14, Unum Life states that the Disability Plus Rider speaks for itself with respect to its terms and provisions; and denies the remaining allegations.

15.    With respect to the allegations in paragraph 15, Unum Life states that the Policy speaks for itself with respect to its terms and provisions, including the definition of disability; and denies the remaining allegations.

16.    With respect to the allegations in paragraph 16, Unum Life admits that Sanders underwent surgery; admits that Sanders filed a claim for benefits under the Policy; admits that Unum Life approved the payment of benefits to Sanders for a period of time; and denies the remaining allegations.

17.    With respect to the allegations in paragraph 17, Unum Life admits that Sanders filed a claim for benefits under the Policy; admits that Unum Life approved the payment of benefits to Sanders for a period of time; and denies the remaining allegations.

18.    With respect to the allegations in paragraph 18, Unum Life admits that it

continued a review and investigation of Sanders's claim to determine whether she continued to meet the terms and conditions of the Policy for the payment of additional benefits; and denies the remaining allegations.

19.     With respect to the allegations in paragraph 19, Unum Life states that the medical records from Sanders's treating physician(s) speak for themselves; and denies the remaining allegations.

20.     With respect to the allegations in paragraph 20, Unum Life admits that it continued a review and investigation of Sanders's claim to determine whether she continued to meet the terms and conditions of the Policy for the payment of additional benefits; and denies the remaining allegations.

21.     With respect to the allegations in paragraph 21, Unum Life admits that it asked Sanders to complete certain forms during the pendency of her claim under the Policy; and denies the remaining allegations.

22.     With respect to the allegations in paragraph 22, Unum Life states that the correspondence exchanged between Unum Life and any third-party vendors contained in the administrative record speaks for itself; and denies the remaining allegations.

23.     With respect to the allegations in paragraph 23, Unum Life states that the surveillance report speaks for itself; and denies any remaining allegations.

24.     With respect to the allegations in paragraph 24, Unum Life states that any correspondence between Unum Life and Sanders's treating physician(s) speaks for itself; and denies the remaining allegations.

25.     With respect to the allegations in paragraph 25, Unum Life states that the

surveillance report speaks for itself; and denies any remaining allegations.

26.     With respect to the allegations in paragraph 26, Unum Life admits that an in-house medical professional reviewed Sanders's claim; states that the review speaks for itself; and denies the remaining allegations.

27.     With respect to the allegations in paragraph 27, Unum Life states that the Disability Status Update form submitted by Sanders speaks for itself; and denies the remaining allegations.

28.     With respect to the allegations in paragraph 28, Unum Life states that the Attending Physician's Statement provided by Sanders's treating physician speaks for itself; and denies the remaining allegations.

29.     With respect to the allegations in paragraph 29, Unum Life admits that an in-house medical professional reviewed Sanders's claim; states that the review speaks for itself; and denies the remaining allegations.

30.     With respect to the allegations in paragraph 30, Unum Life admits that Sanders forwarded medical records relating to her treatment at the Veteran's Administration; states that those records speak for themselves; and denies the remaining allegations.

31.     With respect to the allegations in paragraph 31, Unum Life admits that it continued a review and investigation of Sanders's claim to determine whether she continued to meet the terms and conditions of the Policy for the payment of additional benefits; and denies the remaining allegations.

32.     With respect to the allegations in paragraph 32, Unum Life admits that an

in-house medical professional reviewed Sanders's claim; states that the review speaks for itself; and denies the remaining allegations.

33.     With respect to the allegations in paragraph 33, Unum Life admits that an in-house medical professional reviewed Sanders's claim; states that the review speaks for itself; and denies the remaining allegations.

34.     With respect to the allegations in paragraph 34, Unum Life admits that an in-house medical professional reviewed Sanders's claim; states that the review speaks for itself; and denies the remaining allegations.

35.     With respect to the allegations in paragraph 35, Unum Life admits that an in-house medical professional reviewed Sanders's claim; states that the review speaks for itself; and denies the remaining allegations.

36.     With respect to the allegations in paragraph 36, Unum Life admits that it terminated the payment of benefits under the Disability Plus Rider on or about May 1, 2014; states that the correspondence exchanged between Unum Life and Sanders speaks for itself; and denies the remaining allegations.

37.     With respect to the allegations in paragraph 37, Unum Life admits that it continued a review and investigation of Sanders's claim to determine whether she continued to meet the terms and conditions of the Policy for the payment of additional benefits; admits that an in-house medical professional reviewed Sanders's claim; and denies the remaining allegations.

38.     With respect to the allegations in paragraph 38, Unum Life admits that an in-house medical professional reviewed Sanders's claim; states that the review speaks for

itself; and denies the remaining allegations.

39.     With respect to the allegations in paragraph 39, Unum Life admits that it performed a vocational review of Sanders's claim; states that the review speaks for itself; and denies the remaining allegations.

40.     With respect to the allegations in paragraph 40, Unum Life admits that it conducted a review and investigation of Sanders's claim to determine whether she continued to meet the terms and conditions of the Policy for the payment of additional benefits; admits that it performed a vocational review of Sanders's claim; states that the review speaks for itself; and denies the remaining allegations.

41.     With respect to the allegations in paragraph 41, Unum Life admits that, by letter dated July 31, 2014, Unum Life informed Sanders that she was no longer eligible for further benefits under the Policy; states that the letter speaks for itself; and denies the remaining allegations.

42.     With respect to the allegations in paragraph 42, Unum Life admits that Sanders appealed Unum Life's initial decision; and denies the remaining allegations.

43.     With respect to the allegations in paragraph 43, Unum Life states that the records and correspondence from Sanders's treating physician speak for themselves; and denies the remaining allegations.

44.     With respect to the allegations in paragraph 44, Unum Life admits that it determined, on appeal, that the decision on Sanders's claim was correct and communicated that decision to Sanders in a letter dated April 8, 2015; states that the letter speaks for itself; admits that, on administrative appeal, Unum Life obtained additional

reviews of the information related to Sanders's claim; and denies the remaining allegations.

45.     Unum Life denies the allegations in paragraph 45 and denies that Sanders is entitled to any of the relief requested in paragraph 45 or in the Complaint.

46.     Unum Life denies the allegations in paragraph 46.

47.     Unum Life denies the allegations in paragraph 47.

48.     Unum Life denies the allegations in paragraph 48.

49.     Unum Life denies the allegations in paragraph 49.

50.     Unum Life denies the allegations in paragraph 50.

51.     With respect to the allegations in paragraph 51, Unum Life states that the Policy speaks for itself; and denies the remaining allegations.

52.     Unum Life denies the allegations in paragraph 52.

53.     Unum Life denies that Sanders is entitled to any of the relief requested in paragraph 53 or in the Complaint.

54.     Unum Life denies the allegations contained in the unnumbered "Prayer" at the end of the Complaint, and denies that Sanders is entitled to any of the relief requested in that Prayer or in the Complaint.

55.     Unum Life denies any and all allegations not specifically admitted.

56.     Unum Life denies that Sanders is entitled to any of the relief requested in the Complaint.

**DEFENSES**

57.     Sanders's claims are barred because the decision regarding her claim for benefits was appropriate and/or not an abuse of discretion.

58.     Sanders's claims are barred because she has failed to satisfy the terms and conditions of the Policy for the payment of benefits.

59.     Sanders's claims are barred and/or limited by all applicable provisions, limitations, exclusions, and offsets contained in the Policy.

**COUNTERCLAIM**

**FACTUAL ALLEGATIONS**

60.     **The Plan.**   As an employee of BHCS, Sanders enrolled for and was provided coverage under the Policy.

61.     **The Claim.**   On or about August 31, 2005, Unum Life accepted Sanders's claim for long term disability benefits.  The Policy provides that the monthly benefit would be the lesser of 60% of the insured's "monthly earnings" or the amount of the maximum monthly benefit of $10,000, less any "deductible sources of income."  The Policy defines deductible sources of income to include amounts of disability benefits under the United States Social Security Act, which the insured, her spouse and/or her children receive or are entitled to receive because of the insured's disability.  The Policy further provides that if Unum Life determines that the insured may qualify for certain deductible sources of income, such as Social Security disability, Unum Life will estimate the amount of those benefits if they have not been awarded, have not been denied, or have been denied and the denial was being appealed.  However, if the insured applied for

other income benefits, she could request that Unum Life not reduce the monthly payments under the Policy provided she agreed to repay Unum Life any overpayment caused by a later award of Social Security benefits.

62. **The Reimbursement Agreement.**  On March 24, 2007, Sanders executed a Reimbursement Agreement, in which she expressly requested that Unum Life pay her monthly disability benefits with no reduction for her estimated Social Security benefits until the Social Security Administration ("SSA") made its decision on her claim.  In the Reimbursement Agreement, Sanders agreed that if a subsequent Social Security award resulted in an overpayment of benefits under the Policy, she would repay the overpayment to Unum Life.  Pursuant to the terms of the Policy and Reimbursement Agreement, Unum Life paid monthly disability benefits to Sanders without reducing such payments for estimated Social Security benefits.

63. **The Overpayment.**  Sanders was awarded SSA benefits, which created an overpayment of $35,626.27.   Accordingly, Unum Life advised Sanders that it had overpaid benefits to her and made demand for that sum.  Unum Life did not receive any payment from Sanders.

64. **Sanders is No Longer Entitled to Benefits Under the Policy.**  By letter dated July 31, 2014, Unum Life advised Sanders that she was no longer entitled to long term disability benefits under the Policy.   Sanders, however, has never repaid the overpayment of $35,626.27 (the "Overpayment").   As of the date of this counterclaim, and notwithstanding demand, Sanders has failed and refused, and continues to fail and refuse, to repay the Overpayment to Unum Life.

## CLAIMS FOR RELIEF

65.   **Constructive Trust/Equitable Restitution.**   Sanders has possession and control of the SSA benefits which are separate, identifiable funds that in equity and good conscience do not belong to Sanders given the offset provision in the Policy and the Reimbursement Agreement.   Unum Life has an equitable lien by agreement on these benefits received by Sanders.   Pursuant to 29 U.S.C. § 1132(a)(3), Unum Life seeks to enforce its equitable lien and impose a constructive trust on these benefits and seeks an order transferring those funds to Unum Life for equitable restitution in the amount of the Overpayment to enforce the terms of the Policy and Reimbursement Agreement.

66.   **Breach.**   As a result of Sanders's refusal to repay the Overpayment to Unum Life, Sanders has breached the Policy, the Reimbursement Agreement, and 29 U.S.C. § 1132(a)(3).

67.   **Unjust Enrichment.**   Sanders has been unjustly enriched by keeping benefits beyond those to which he was entitled.

68.   **Attorney's Fees.** Unum Life is entitled to recover its reasonable and necessary attorneys' fees and costs of court pursuant to 29 U.S.C. § 1132(g).

## PRAYER

69.   Unum Life respectfully requests the following relief:

(a)   That Sanders take nothing by reason of her suit;

(b)   That Unum Life be dismissed with prejudice, that Unum Life recover its attorneys' fees and costs of court, and that judgment be entered against Sanders for the Overpayment, including prejudgment and post judgment interest;

    (c)    That Unum Life have such other and further relief, both general and special, at law and in equity, to which it may show itself justly entitled.


Respectfully submitted,


By:  /s/ Roshanak Khosravighasemabadi
       Dennis M. Lynch
       State Bar No. 90001506
       dennis.lynch@figdav.com
       Roshanak Khosravighasemabadi
       State Bar No. 24048587
       rosh.khosravi@figdav.com

FIGARI & DAVENPORT, LLP
3400 Bank of America Plaza
901 Main Street, LB 125
Dallas, Texas  75202-3796
(214) 939-2000
(214) 939-2090 (Facsimile)

ATTORNEYS FOR DEFENDANT
UNUM LIFE INSURANCE COMPANY
OF AMERICA

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been sent via the Court's ECF system to Ms. Jessica Taylor, The Law Office of Jessica Taylor, 14100 San Pedro, Suite 205, San Antonio, Texas 78232, on this the 18th day of May, 2015.

/s/ Roshanak Khosravighasemabadi
Roshanak Khosravighasemabadi