**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **CARRIE SANDERS,** | § | |
| **Plaintiff.** | § | |
| | § | |
| **VS.** | § | **Civil Action No. 5:15-cv-310-DAE** |
| | § | |
| | § | |
| **UNUM LIFE INSURANCE COMPANY** | § | |
| **OF AMERICA,** | § | |
| **Defendant.** | § | |

**JESSICA TAYLOR'S MOTION TO WITHDRAW**
**AS COUNSEL FOR PLAINTIFF CARRIE SANDERS AND MOTION TO EXTEND**
**TIME TO RESPOND TO DEFENDANT'S MOTION TO ENFORCE**

Jessica Taylor respectfully files this motion to withdraw as counsel for Plaintiff Carrie Sanders because Sanders refuses to abide by the terms of a mediated settlement agreement she signed and entered into in this case and she insists upon pursuing an objective that counsel considers imprudent and with which counsel has a fundamental disagreement. Therefore, good cause exists warranting Taylor's withdrawal.

In addition, because Jessica Taylor is seeking to withdraw, she requests on behalf of Plaintiff that Plaintiff be granted an extension to respond to Defendant's Motion to Enforce Mediated Settlement Agreement until 14 days after the Court rules on the Motion to Withdraw.

**BACKGROUND FACTS**

Sanders retained Jessica Taylor in November 2014 to represent her in connection with Defendant Unum Life Insurance Company of America ("Unum") termination of her long-term disability benefits, disability plus rider benefits and life waiver of premium benefits. Taylor has been handling ERISA wrongful denial of benefits cases for more than 16 years and has both

defended insurance companies and asserted claims against insurers on behalf of plaintiffs during her career.

Taylor first submitted an administrative appeal to Unum on Sanders behalf, and when Unum denied that appeal, Taylor filed an Original Complaint on Sanders' behalf in this Court on April 20, 2015 under ERISA, 29 U.S.C. § 1132 (a)(1)(B).  Unum filed its Original Answer and Counterclaim on May 18, 2015.  In its Counterclaim, Unum sought the recovery of $35,626.27, which represented the amount by which Unum had overpaid Sanders due to her receipt of SSA benefits and Unum's entitlement to an offset of Sanders' monthly benefit under its long-term disability policy for those benefits.

The parties agreed to schedule a half-day mediation in an attempt to resolve this case with mediator Robert Valdez of Valdez & Trevino, P.C. on November 3, 2015.  Sanders attended the mediation with her husband.  Before and during the mediation, Taylor advised Sanders about the value of her benefits and the strengths and weaknesses of her case against Unum.[1]  Before ultimately agreeing to settle the case Sanders and her husband raised concerns about the settlement.  Taylor discussed those concerns with Sanders and her husband and she eventually agreed to a settlement with Unum.  Sanders, Taylor and Unum's counsel signed a mediated settlement agreement memorializing the settlement.

On November 5, 2015, counsel for Unum emailed Taylor a draft of the final settlement agreement.  Taylor reviewed it and concluded that the language in the agreement was fine because Taylor and Unum's counsel had previously used a similar agreement in another ERISA

---

[1] In conjunction with the filing of this motion, Taylor is also filing a motion for leave to file an affidavit in support of this motion under seal.  Because the details of Taylor's discussions with Sanders are privileged and Taylor has the burden of showing good cause to support her withdrawal, she wishes to provide a more detailed description of her communications with Sanders and provide the Court with examples of their email exchanges in an affidavit that would serve as Exhibit A to this motion.  Taylor has only generally described her communications with Sanders in this motion so that she does not violate the attorney-client privilege.

case.  She then sent Sanders a copy of the agreement for her review.  Because Sanders raised numerous concerns she had with the settlement agreement, Taylor met with Sanders in person on November 10, 2015.  Sanders arrived with her husband and the meeting lasted for more than two hours.  Sanders and her husband raised issues that Taylor thought had already been resolved at mediation and also raised new issues with the settlement they had not previously raised.  Taylor attempted to address all these issues, but Sanders and her husband were not satisfied with her answers.

Sanders also objected to some of the language in the settlement agreement. Taylor proposed Sanders' changes to the language to Unum's counsel and Unum ultimately agreed to the changes in an effort to finally settle the case.

Despite the changes Unum agreed to make to the final settlement agreement, Sanders still refused to sign it.  For the next two months, Taylor and Sanders exchanged numerous emails and phone calls in which Sanders raised concerns about signing the final settlement agreement and Taylor attempted to explain why her concerns were unwarranted and why it was in her best interest to sign the final settlement agreement.

In early January 2016, Unum's counsel threatened to file a motion to enforce the mediated settlement agreement.  Taylor convinced counsel to delay filing the motion until she could meet in person with Sanders.  On January 6, 2016, Sanders and Taylor met for approximately two and a half hours to discuss her concerns.  They discussed concerns that Taylor had already addressed, Sanders raised additional concerns for the first time and Taylor advised Sanders that the settlement was in Sanders' best interest and she believed she would have no grounds to oppose Unum's motion to enforce when and if it filed it.  Sanders also requested another change to the language of the final settlement agreement.  At the end of the

meeting, Taylor agreed to conduct research and make an inquiry with a third party about Sanders' new concerns and propose the change to the agreement to Unum's counsel.   Taylor researched the issues, spoke to a representative of the third party and convinced Unum's counsel to accept the new change to the agreement.

Taylor advised Sanders of her findings in both a phone call and in emails and again stressed that her concerns were unwarranted and that she believed the settlement was in her best interest and Sanders would have no basis to oppose a motion to enforce.  Sanders yet again refused to accept Taylor's explanations or advice.

Thereafter, Taylor and Sanders exchanged several more emails and had another telephone conversation on January 14, 2016.  During the call and in a subsequent email, Taylor once again repeated her previous advice and warned Sanders that she would have to seek to withdraw from representing her if she refused to finally sign the final settlement agreement and Unum moved forward with filing its motion to enforce because she did not believe Sanders had a legal basis to repudiate the mediated settlement agreement.  Sanders and Taylor then exchanged more emails on January 15, in which Taylor repeated her advice.

On January 18, 2016, Unum filed its Motion to Enforce the Mediated Settlement Agreement.  Taylor emailed Sanders a copy of the motion that day and once again advised her that signing the final settlement agreement was in her best interest and that she believed she would not have grounds to oppose Unum's motion.

Taylor also emailed a draft of this motion to Sanders on the afternoon of January 18, 2016 and asked her to sign it pursuant to Local Rule AT-3 and/or advise her if she had retained substitute counsel by 3:00 p.m. on January 21, 2016.  Taylor left Sanders two voicemails after sending the draft motion, but Sanders did not return the calls or respond to Taylor's emails.

## ARGUMENTS AND AUTHORITIES

An attorney may withdraw from representing a client upon leave of court and a showing of good cause and reasonable notice to the client. *Hernandez v. Aleman Constr., Inc.,* 2014 U.S. Dist. LEXIS 62174, *1 (N.D. Tex., May 5, 2014) (*quoting Matter of Wynn,* 889 F.2d 644, 646 (5th Cir. 1989). The withdrawing attorney bears the burden of proving the existence of good cause for withdrawal. *Id.* In addition, this Court's local rules provide that, where an attorney seeks to withdraw from a representation and the identity of the succeeding attorney is not known, the attorney seeking to withdraw must file a motion that (1) specifies the reasons for withdrawal; (2) set forth the client's name, address and telephone number; and (3) either bears the client's signature or provides a detailed explanation why the client's signature could not be obtained after due diligence. L.R. AT-3. The decision to allow an attorney to withdraw is entrusted to the sound discretion of the Court. *Crane v. Educ. Futures Group,* 2014 U.S. Dist. Lexis 69484, *6 (N.D.Tex., May 21, 2014).

Good cause exists for granting the motion to withdraw because a significant and unresolvable conflict has arisen between Taylor and Sanders. More than 10 weeks ago Sanders, along with Taylor, signed a mediated settlement agreement with Unum in this case. After signing the mediated settlement agreement, Sanders raised several concerns that were previously discussed at the mediation, raised several new concerns she did not raise at the mediation, and objected to the language of the final settlement agreement proposed by Unum. Taylor convinced Unum's counsel to make all of Sanders' proposed revisions to the agreement and worked diligently for weeks to research and address all of Sanders' concerns while convincing Unum to delay its filing of a motion to enforce the mediated settlement agreement. Despite Taylor's

5

lengthy efforts, Sanders still refuses to sign the final settlement agreement. Taylor has repeatedly advised Sanders that the settlement she reached with Unum was favorable and in her best interest, that she is bound by the mediated settlement agreement, and that she believes Sanders has no grounds to oppose Unum's motion to enforce. Sanders refuses to accept Taylor's explanations about why her concerns are unwarranted, rejects Taylor's advice that it is in her best interest to sign the final settlement agreement and fails to heed Taylor's warnings about the likely outcome of Unum's motion.

Because Sanders insists upon pursuing an objective that Taylor considers imprudent and with which she has a fundamental disagreement and because Taylor is convinced she has no grounds to oppose Unum's motion to enforce on Sanders' behalf, her withdrawal from representing Sanders is warranted. *Id*. *5-7 (granting attorney's motion to withdraw where plaintiff accepted a settlement agreement then refused to abide by its terms and attorney believed there were no grounds to oppose defendant's motion to enforce or to repudiate the settlement agreement); *Hernandez*, 2014 U.S. Dist. LEXIS 62174, *5-6 (court granted motion to withdraw where any further efforts by the attorney to persuade his client to respond to discovery requests or attend a hearing would be futile and there was a complete breakdown of the attorney-client relationship).

In addition, the prosecution of this lawsuit should not be disrupted by the withdrawal of counsel because the parties have already executed a mediated settlement agreement, the only remaining issue for the Court to decide is Unum's motion to enforce, and any new efforts by Taylor to persuade Sanders to abide by the settlement agreement or take her advice will be futile. *Id*. (rejecting plaintiff's arguments that defense attorney's withdrawal would prejudice plaintiff and delay proceedings where attorney's further attempts to advise his client would be futile).

Further, Unum has indicated that it neither opposes nor agrees with this motion and thus it will not be prejudiced by Taylor's withdrawal.

Taylor advised Sanders of her intent to seek to withdraw a week ago and sent her a draft of this motion on January 18, 2016 in an attempt to obtain Sanders' signature on the motion. She also advised Sanders to seek substitute counsel. Sanders has neither signed the motion nor advised Taylor of the identity of substitute counsel.

Because Sanders has not retained substitute counsel, pursuant to Local Rule AT-3, Sanders' address and phone number are listed below:

> Carrie Sanders
> 3010 Sable Creek
> San Antonio, Texas 78259
> 210-415-0528

In addition, Taylor requests on Sanders' behalf that the Court extend Sanders' deadline to respond to Unum's Motion to Enforce Mediated Settlement Agreement until 14 days after it rules on the Motion to Withdraw. This extension is necessary because Taylor believes she has no legitimate basis to oppose Unum's Motion and the Court may not rule on the Motion to Withdraw before Sanders' response brief is due on February 1, 2016.

## CONCLUSION

The Court should grant this motion because good cause exists for Taylor's withdrawal from representing Sanders.

The Court should also extend Sanders' deadline to respond to Unum's Motion to Enforce Mediated Settlement Agreement until 14 days after the Court rules on the Motion to Withdraw. Taylor does not believe she can ethically oppose Unum's Motion and the Court will need to rule on the Motion to Withdraw before it can consider Unum's Motion.

Respectfully Submitted,

**THE LAW OFFICE OF JESSICA TAYLOR**
14100 San Pedro, Suite 205
San Antonio, Texas 78232
(210) 402-4022 (Telephone)
(210) 910-6350  (Fax)


By:   *Jessica Taylor*
       JESSICA TAYLOR
       Texas State Bar No. 24013546
       jessica@jtaylorlaw.com

**ATTORNEY FOR PLAINTIFF**



**<u>CERTIFICATE OF SERVICE</u>**

       I hereby certify that a true and correct copy of the foregoing document has been sent via the Court's ECF system to Dennis Lynch, Figari & Davenport, LLP, 901 Main Street, Suite 3400, Dallas, Texas 75202-3796.


       *Jessica Taylor*
       JESSICA TAYLOR