THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CARRIE SANDERS, | § | SA-15-CV-310-DAE |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| UNUM LIFE INSURANCE | § | |
| COMPANY OF AMERICA, | § | |
| | § | |
| Defendant. | § | |

ORDER (1) GRANTING JESSICA TAYLOR'S MOTION TO
WITHDRAW AS COUNSEL FOR PLAINTIFF; (2) GRANTING
PLAINTIFF'S MOTION TO EXTEND TIME TO RESPOND

Before the Court is a Motion by Jessica Taylor, counsel for Plaintiff Carrie Sanders, requesting leave to withdraw as counsel for Plaintiff, and requesting an extension of time to respond to Defendant Unum Life Insurance Company of America's ("Defendant" or "Unum") Motion to Enforce Mediated Settlement Agreement (Dkt. # 10). (Dkt. # 11.) Pursuant to Local Rule CV-7(h), the Court finds these matters suitable for disposition without a hearing.

BACKGROUND

Plaintiff retained Ms. Taylor to represent her to appeal Unum's termination of her long term disability benefits, disability plus rider benefits,

1

and life waiver of premium benefits.  (Dkt. # 11 at 1.)  On April 20, 2015, after submitting an administrative appeal to Unum, Ms. Taylor filed a complaint in the instant suit alleging a violation of 29 U.S.C. § 1132(a)(1)(B).  (Dkt. # 1 ¶¶ 45–52.)  On November 3, 2015, Plaintiff and Defendant engaged in mediation, agreed upon settlement, and signed a mediated settlement agreement memorializing the settlement.  (Dkt. # 11 at 2.)   However, Plaintiff raised new objections to the mediated settlement agreement in the days after mediation, which Ms. Taylor attempted to address through meetings in person and on the phone, by means of e-mail conversations, and through further negotiation with defense counsel which resulted in revisions to the final settlement agreement.  (Dkt. # 11 at 3–4.)  Ms. Taylor notified Plaintiff that there would be little more she could do to provide legal assistance, should Plaintiff continue to refuse to sign the settlement agreement.  Further, Ms. Taylor notified Plaintiff that she would file the instant motion if Plaintiff continued to refuse to sign the final settlement agreement.  (Id. at 4.)  Ms. Taylor submitted various documents under seal corroborating these efforts.  (Dkt. # 15.)

   Ms. Taylor advised Plaintiff that she would not have grounds to oppose Defendant's motion, should Defendant move to enforce the settlement agreement.  (Dkt. # 11 at 4.)  Ms. Taylor also advised Plaintiff

that she would seek to withdraw if Plaintiff continued to oppose the final settlement agreement. (Id. At 7.) On January 18, 2015, Defendant filed a Motion to Enforce Settlement Agreement. (Dkt. # 10.) Ms. Taylor provided Plaintiff with a copy of the instant motion the same day. (Dkt. # 11 at 7.) On January 19, 2015, Ms. Taylor filed the instant motion with this Court. (Dkt. # 11.)

## LEGAL STANDARD

"Attorneys are normally expected to work through the completion of a case." Fed. Trade Comm'n v. Intellipay, Inc., 828 F.Supp. 33, 33 (S.D. Tex. 1993). However, the district court has the discretion to grant an attorney leave to "withdraw from representation" upon "a showing of good cause and reasonable notice to the client." Matter of Wynn, 889 F.2d 644, 646 (5th Cir. 1989). The attorney seeking to withdraw from representation "bears the burden of proving the existence of good cause for withdrawal." Hernandez v. Aleman Constr., No. 3:10–CV–2229, 2014 WL 1794833, at *1 (N.D. Tex. May 4, 2014). Good cause must be corroborated by evidence in the record. See Fed Trade Comm'n 828 F. Supp. at 34; see also Hernandez, 2014 WL 1794833, at *1 ("In the proper exercise of its discretion, the district court must insure that it is aware of the reasons behind

3

the request for withdrawal" (quoting United States v. Cole, 988 F.2d 681, 683 (7th Cir. 1993)).

The Local Rules for the Western District of Texas specify an additional requirement which must be met before an attorney may withdraw from representation: where "the successor attorney is not known," the attorney seeking to withdraw must provide the court with her client's name, address, and telephone number, as well as the client's signature "or a detailed explanation why the client's signature could not be obtained after due diligence."  W.D. Tex. Civ. R. AT-3.

## ANALYSIS

Based upon Ms. Taylor's representations to the Court, both in her publicly filed motion, and her sealed motion before the Court, it is apparent that Ms. Taylor's attempts to convince Plaintiff to sign the final settlement agreement with Unum will continue to be futile.  Further, it is clear that Ms. Taylor faces an ethical dilemma if she continues to represent Ms. Sanders in the instant case.  Ms. Taylor has expressed to her client and to the Court that she believes the final settlement agreement is in the client's best interests, and to file a motion before the Court stating otherwise would violate her duty to zealously represent her client.  Accordingly, Ms. Taylor

4

has demonstrated good cause as to why she should be permitted to withdraw from representing Plaintiff.

Ms. Taylor informed Plaintiff of her intent to withdraw as counsel and provided her with a copy of the instant motion; Plaintiff did not sign the instant motion. Ms. Taylor has adequately explained Plaintiff's failure to sign, pursuant to the Local Rules.

Ms. Taylor is not aware that Plaintiff has obtained new representation, and provided the Court with Plaintiff's address and phone number, pursuant to the Local Rules. Accordingly, this Court finds that Ms. Taylor has sufficiently complied with the Local Rules.

## CONCLUSION

For the foregoing reasons, Ms. Taylor's Motion to Withdraw as Attorney is **GRANTED**. Further, Plaintiff's Motion to Extend the Deadline to Respond to Defendant's Motion to Enforce (Dkt. # 10) is **GRANTED**. Plaintiff's response is due fourteen days (14) from the date which this Order is filed.

**IT IS SO ORDERED.**

**DATED:** San Antonio, Texas, February 5, 2016.

_____
David Alan Ezra
Senior United States District Judge

5