THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CARRIE SANDERS, | § | SA-15-CV-310-DAE |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| UNUM LIFE INSURANCE | § | |
| COMPANY OF AMERICA, | § | |
| | § | |
| Defendant. | § | |

ORDER GRANTING MOTION TO ENFORCE
SETTLEMENT AGREEMENT

Before the Court is a Motion to Enforce Mediated Settlement Agreement and a Motion for Attorneys' Fees filed by Defendant Unum Life Insurance Company of America ("Unum") (Dkt. # 10). Plaintiff Carrie Sanders did not file a response. Pursuant to Local Rule CV-7(h), the Court finds these matters suitable for disposition without a hearing.

BACKGROUND

Sanders participated in a group long-term disability benefits plan administered by Unum, and became disabled under the meaning of the policy in 2005. ("Compl.," Dkt. # 1 ¶¶ 8–12, 16.) Unum paid long-term disability benefits under the policy until 2014, when Unum concluded that Sanders was able to perform other gainful employment; at that time, Unum terminated Sanders'

1

monthly disability payments.  (Compl. ¶¶ 17–41.)  Sanders appealed her termination of benefits through Unum's administrative process, but the decision to terminate her benefits was upheld.  (Compl. ¶¶ 42–44.)  The instant lawsuit ensued.  Unum raised a counterclaim against Sanders for failure to reimburse Unum for overpayments under the policy due to her receipt of monthly Social Security Administration benefits, both as required by the policy and by a Reimbursement Agreement entered into between the parties on March 24, 2007.  (Dkt. # 3 ¶¶ 60–63.)

        Sanders and Unum, along with their respective counsel, engaged in mediation on November 3, 2015.  (Dkt. # 10 at 2.)  The parties came to an agreement, and signed a mediated settlement agreement memorializing such.  (Id. at 2–3; "Settlement," Dkt. # 10, Ex. A.)  Unum tendered a check to Sanders' attorney, pending execution of the Final Release and dismissal of suit.  (Dkt. # 10 at 3.)  Sanders delayed signing either document, and instead requested numerous changes to the Final Release; Unum complied and made all such changes.  (Id.)  Sanders still refused to sign the release, and Unum filed the instant Motion to Enforce the Settlement Agreement on January 18, 2016.  (Dkt. # 10.)  The next day, Sanders' attorney filed a motion to withdraw due to Sanders' refusal to comply with the mediated settlement agreement; this Court granted the motion on February

5, 2016 and granted Sanders fourteen additional days to respond to the additional motion. (Dkts. ## 11, 16.)

## ANALYSIS

I.   Enforcement of the Settlement Agreement

"A settlement agreement, once entered into, cannot be repudiated by either party and will be summarily enforced." United States v. City of New Orleans, 731 F.3d 434, 439 (5th Cir. 2013). "Federal courts have the inherent power to enforce settlement agreements entered into by the parties." Matter of Omni Video, Inc., 60 F.3d 230, 232 (5th Cir. 1995) (quoting White Farm Equip. Co. v. Kupcho, 792 F.2d 526, 529 (5th Cir. 1986)). The validity of a settlement agreement "is determined by reference to state substantive law governing contracts generally." Kupcho, 792 F.3d at 529.

The settlement agreement at issue here was entered into in Texas, and Texas law applies when determining the validity of the agreement. See Omni Video, 60 F.3d at 232. In Texas, "[s]ettlement agreements are governed by the law of contracts." Schriver v. Tex. Dep't. of Transp., 293 S.W.3d 846, 851 (Tex. App. 2009). A valid contract contains five elements: "(1) an offer; (2) acceptance; (3) meeting of the minds; (4) each party's consent to the terms; and (5) execution and delivery of the contract with the intent that it be mutual and binding." Cessna Aircraft Co. v. Aircraft Network, L.L.C., 213 S.W.3d 455, 465 (Tex. App. 2006).

3

Here, it is clear that there was offer, acceptance, and a "meeting of the minds;" these elements were memorialized in the signed writing before the Court. In the context of settlement, the fourth element of contract formation is satisfied if the parties "agree to the essential terms of the contract[:] . . . the amount of compensation and the liability to be released." Disney v. Gollan, 233 S.W.3d 591, 595 (Tex. App. 2007). This fourth element of contract formation is satisfied here: Unum was obligated by the agreement to pay $48,200.00 to Sanders, an amount which included Sanders' $700.00 portion of the mediation fee. (Settlement ¶¶ 4, 13.) In exchange for such compensation, Sanders agreed to release Unum and its agents and representatives of any liability owed Sanders in connection with the disputed claim for insurance benefits under the Long Term Disability and Disability Plus plan. (Id. ¶¶ 3, 8–12.) The writing manifests clear consent to the essential terms of the settlement agreement. The contract was duly executed, meeting the fifth requirement for contract formation in Texas, as evidenced by the signatures of Jessica Taylor, Sanders' former attorney; Ms. Sanders herself; and Dennis Lynch, attorney of record for Unum. (Id. at 3).

Finally, a valid and enforceable settlement agreement must also comply with Texas Rule of Civil Procedure 11, "which requires agreements regarding pending suits to 'be in writing, signed and filed with the papers as part of the record.'" Padilla v. LaFrance, 907 S.W.2d 454, 457 (Tex. 1995) (quoting Tex.

R. Civ. P. 11).  Here, the Settlement Agreement is in writing, and has been filed as an exhibit to the motion, and is therefore part of the Court's record.  The November 3, 2015 Settlement Agreement before the Court satisfies the requirements for contract formation and Rule 11, and is valid under Texas law.  See Kupcho, 792 F.2d at 529.

No evidence has been presented to the court to repudiate the contract's validity; accordingly, it must be enforced.  See City of New Orleans, 731 F.3d at 439.  Unum's motion to enforce the mediated settlement agreement is **GRANTED**; Sanders is directed to sign the Final Release most recently negotiated by Unum Life within fourteen days from the date of entry of this order, and otherwise comply with the terms of the settlement agreement.

II.   Attorney's Fees

Because the motion to enforce the settlement agreement was brought under Texas law, "Texas law may control the award of fees."  Kucel v. Walter E. Heller & Co., 813 F.2d 67, 73 (5th Cir. 1987).  In Texas, "the party seeking to recover attorney's fees carries the burden of proof."  Stewart Title Guar. Co. v. Sterling, 822 S.W.2d 1, 10 (Tex. 1991).  When awarding attorneys' fees, a court "may award those fees that are "reasonable and necessary" for the prosecution of the suit."  Id.  However, "attorney fees can be awarded only for necessary legal services rendered in connection with the claims for which recovery is authorized."

Green Tree Acceptance, Inc. v. Pierce, 768 S.W.2d 416, 425 (Tex. App. 1989). Where fees are authorized for some claims and not others, a party is generally not entitled to request attorneys' fees in connection with a claim for which a fee is not authorized. Id. at 425.

Defendant's answer sought attorneys' fees for its counterclaim against Sanders, pursuant to 29 U.S.C. § 1132(g). (Dkt. # 3 ¶¶ 60–68.) However, those claims, for which attorneys' fees could be claimed (all of which are released by the settlement agreement) are separate from the right to attorneys' fees with regard to enforcement of the mediated settlement agreement. Defendant has failed to provide any statutory support for his request for attorneys' fees in this case. Accordingly, defendant's request for attorney fees is **DENIED WITHOUT PREJUDICE.**

## CONCLUSION

For the reasons stated above, Unum's Motion to Enforce the Mediated Settlement Agreement is **GRANTED** (Dkt. # 10); Sanders is directed to sign the Final Release most recently negotiated by Unum Life within fourteen days from the date of entry of this order, and otherwise comply with the terms of the settlement agreement. Unum's Motion for Attorneys' Fees is **DENIED WITHOUT PREJUDICE** (Dkt. # 10).

**IT IS SO ORDERED.**

**DATED:** San Antonio, Texas, April 11, 2016.

_____

David Alan Ezra
Senior United States Distict Judge