THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CARRIE SANDERS, | § | SA-15-CV-310-DAE |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| UNUM LIFE INSURANCE | § | |
| COMPANY OF AMERICA, | § | |
| | § | |
| Defendant. | § | |

ORDER (1) DENYING MOTION FOR LEAVE TO FILE AND
(2) DENYING MOTION FOR RECONSIDERATION

Before the Court is an Opposed Motion for Leave to File and Motion for Reconsideration filed by Plaintiff Carrie Sanders. (Dkt. # 19.) On April 11, 2016, this Court issued an Order to Enforce the Mediated Settlement Agreement negotiated between Sanders and Defendant UNUM Life Insurance Company of America ("Unum"). (Dkt. # 17.) Plaintiff, who recently obtained counsel, requests that this Court permit her to file a response to Unum's Motion to Enforce (Dkt. # 10), alleging she was not aware of the motion; Plaintiff also asks that this Court reconsider its April 11 ruling. (Dkt. # 19 at 1–2.)

Federal Rule of Civil Procedure 6(b) "sets out the proper approach in the case of late filings," and gives the court authority "for good cause [to] extend the time" for filing "on motion made after the time has expired if the party failed to

1

act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B); see Woods v. Allied Concord Financial Corp. (Del.), 373 F.2d 733, 734 (5th Cir. 1967).  Extensions of time to file after the filing deadline has passed may only be granted upon motion, and may only be granted where the Court finds "as a substantive matter that there was indeed 'cause' for the late filing, and that the failure to file on time 'was the result of excusable neglect.'"  Lujan v. Nat'l Wildlife Fed., 497 U.S. 871, 896–97 (1990) (quoting Fed. R. Civ. P. 6(b)); see Hetzel v. Bethlehem Steel Corp., 50 F.3d 360, 367 (5th Cir. 1995) (finding the district court did not abuse its discretion when it accepted defendant's summary judgment motion one day late, nor did it abuse its discretion when it denied plaintiff's request for additional time to respond to the motion, because such an extension would delay the court's schedule).

  Here, Plaintiff filed motion for leave to file a response after the deadline had passed, satisfying the first criteria of Rule 6(b).  Whether there is cause to permit late filing is considered below.

  On January 18, 2016, Unum filed a Motion to Enforce the Mediated Settlement Agreement.  (Dkt. # 10.)  Plaintiff's response was originally due on February 1, 2016.[1]  On January 21, 2016, Plaintiff's former attorney Jessica

---

[1] Pursuant to the Local Rules, a party opposing a dispositive motion has fourteen days to respond.  W.D. Tex. Civ. R. 7(e)(2).  In the Western District, time is computed in accordance with the Federal Rules of Civil Procedure.  W.D. Tex. Civ. R. 6.  Federal Rule of Civil Procedure 6(a)(1) calculates the due date of any filing by "exclud[ing] the day of the event that triggers the period; count[ng] every

2

Taylor, moved to withdraw as attorney, and moved for an extension of time for Plaintiff to respond to Unum's Motion to Enforce. (Dkt. # 11 at 1, 7.) This Court explicitly granted Plaintiff additional time to respond to the Motion to Enforce; the new due date for a response was February 19, 2016. (Dkt. # 16 at 5.) Plaintiff did not respond, and this Court issued an order granting the Motion to Enforce on April 11, 2016. (Dkt. # 17.)

Plaintiff now argues that there is good cause to file a response to the Motion to Enforce after both the February 19, 2016 deadline passed and after the Court ruled on the motion, because she was not aware of the motion's existence. (Dkt. # 19 at 1–2.) Ms. Taylor's Motion to Withdraw specifically requested an extension of time to respond to Unum's Motion to Enforce on Plaintiff's behalf. (Dkt. # 11 at 1, 7.) Further, Ms. Taylor's Motion to Withdraw discusses Unum's Motion to Enforce on multiple occasions, cites the Motion to Enforce as a primary reason for seeking to withdraw from representation of Plaintiff, states that she e-mailed Plaintiff her draft Motion to Withdraw on January 18, 2016, and that she left two voicemails with Plaintiff regarding the motion on the same day. (Id. at 4–7.) This Court's order granting Ms. Taylor's Motion explicitly granted Plaintiff additional time to respond to the Motion to Enforce; notice of this order was

---

day, including intermediate Saturdays, Sundays, and legal holidays; and includ[ing] the last day of the period . . . " Fed. R. Civ. P. 6(a)(1)(A)–(C).

delivered to Ms. Sanders at her address. (Dkt. # 16 at 5; Dkt. # 16 at "Receipt of Service".)[2] Accordingly, the Court finds that Ms. Sanders has failed to show that her failure to timely respond "was the result of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Accordingly, Plaintiff's Motion for Leave to File is **DENIED** (Dkt. # 19).

To the extent that Plaintiff's Motion for Leave to file is also a motion for reconsideration, it presents no particularized facts upon which this Court could make a reasoned decision. Accordingly, Plaintiff's Motion for Reconsideration is **DENIED WITHOUT PREJUDICE** (Dkt. # 19).

**IT IS SO ORDERED.**

**DATED:** San Antonio, Texas, May 4, 2016.

_____
David Alan Ezra
Senior United States Distict Judge

---

[2] Notably, both Ms. Sanders and her husband contacted Judge Ezra's chambers via telephone to inquire about responding to the Motion to Enforce.